EST. 1929
# MILLER MORTON CAILLAT & NEVIS, LLP
ATTORNEYS AT LAW

April 27, 2009

David L. Nevis
Peter A. Kline
Stevan C. Adelman
Joseph A. Scanlan, Jr
William K. Hurley
Peter V. Dessau
David I. Kornbluh
Katherine S. Pak
Christopher J. Hersey
Anthony F. Ventura
Amber S. Crothall
Daniel J. Nevis
Roger F. Liu
Eric C. McAllister
Spencer W. Chen

Frank J. Perretta
Special Counsel

Harvey C. Miller
1906–1993

Richard W. Morton
1916–1975

Charles V. Caillat
1920–1990

The Honorable Bernard Zimmerman
United States District Court
450 Golden Gate Avenue 15th Floor
Department G
San Francisco, California 94102

Re:   *John Brosnan v. Alvin Florida, et al.*
      United States District Court, Northern District of California
      Case No. CV-09-0227 BZ
      Our File No. 14141-0801

Dear Judge Zimmerman and Clerk of this Court:

This is to advise that Defendants Alvin Florida, Jr., Realty Info Systems, Monetary Recovery Services, Inc., and Belinda Florida were not served with a copy of the Clerk's March 4, 2009 Notice of Setting Status Conference or the accompanying Docket Entry setting forth the deadline for the parties to submit a Joint Case Management Conference Statement in relation thereto. Defendants' counsel was only made aware that a Status Conference was scheduled after reading Mr. Brosnan's April 27th Case Management Conference Statement, which did not include any information as to the date of the Status Conference or the March 4th Notice, but nevertheless drew counsel's immediate attention to the possibility that a conference had been scheduled by the Court.

Counsel obtained, for the first time this afternoon, an electronic copy of the March 4th Notice from the Court's Electronic Case Filing system. According to the March 4th Notice, and the Proof of Service attached therewith, the Clerk served the Notice on Plaintiff John Brosnan, and not any of the Defendants or their counsel. Pursuant to the March 4th Notice, it was thus Plaintiff's responsibility to serve Defendants with a copy of the Notice and to file a proof of service confirming that service of the Notice had been made. Mr. Brosnan did not serve the Notice, or file the corresponding proof of service, on Defendants or their counsel.

According to the Docket Entry accompanying the March 4th Notice, the parties were to submit Case Management Statements by no later than April 20, 2009. Contrary to Plaintiff's assertions in his Case Management Conference Statement, Defendants' counsel was never contacted by Plaintiff to meet and confer with respect to submitting a Joint Statement. Indeed, the only correspondence Defendants have ever received from Plaintiff in regards to this matter is the Case Management Statement that Mr. Brosnan filed today. Put simply, until this afternoon Defendants' had no knowledge of either the

MILLER, MORTON, CAILLAT & NEVIS, LLP
April 27, 2009
Page 2

deadline to file a Case Management Conference Statement or the date of the Case Management Conference.

Counsel respectfully requests that the April 27th Case Management Conference be rescheduled to afford Defendants the opportunity to prepare a Case Management Statement. Moreover counsel is located in San Jose, California and has previously committed to attending a mediation in another matter this afternoon.

       Respectfully submitted this 27th day of April, 2009.

       MILLER, MORTON, CAILLAT & NEVIS, LLP


       /s/ Daniel J. Nevis

     By:  DANIEL J. NEVIS
       Counsel for Defendants

DJN/jmh

:.ODMA\GRPWISE\MMCN_SJDOMAIN.MMCN_SJPO.NewLitigationLibrary:46267.1



  Request **GRANTED**. Case Management Conference continued to May 18, 2009 at 4:00 p.m. Parties to submit joint case management statement by May 11, 2009.

  Dated: 4/27/2009