UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROSNAN, | ) |
| Plaintiff(s), | ) No. C09-227 BZ |
| v. | ) **ORDER GRANTING DEFENDANTS'** |
| | ) **MOTION FOR PARTIAL JUDGMENT** |
| ALVIN FLORIDA, JR., et al., | ) **ON THE PLEADINGS** |
| Defendant(s). | ) |

On January 21, 2009, plaintiff John Brosnan ("plaintiff"), proceeding *pro se*, filed an amended complaint ("complaint" )against defendants Alvin Florida Jr. ("Florida"), Realty Info Systems ("RIS"), and Monetary Recovery Service, Inc. (collectively "defendants").[1] Defendants filed an answer on March 5, 2009. Plaintiff's complaint alleges five causes of action for: (1) violation of the Racketeer Influenced and Corrupt Organizations Act

---

[1] On March 3, 2009, I related this case to an earlier filed action (Case No. 08-5216), which has also been assigned to me.  This case was therefore reassigned to me for all further proceedings.  All parties have consented to my jurisdiction, including entry of final judgment, pursuant to 28 U.S.C. § 636(c) for all proceedings.

1

1  ("RICO"), 18 U.S.C. §§ 1961 *et seq.*; (2) violation of the
2  Lanham Act, 15 U.S.C. § 1125(a); (3) personal injury/illegal
3  conversion; (4) fraud; and (5) breach of contract.[2]  Pursuant
4  to Rule 12(c) of the Federal Rules of Civil Procedure,
5  defendants move for judgment on the pleadings as to
6  plaintiff's second cause of action for failure to state claims
7  upon which relief can be granted.[3]

8      Defendants argue that plaintiff's second cause of action
9  for violation of the Lanham Act should be dismissed because
10 plaintiff lacks standing to bring a claim under the Lanham
11 Act.  Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a),
12 prohibits the use of false designations of origin, false
13 descriptions, and false representations in the advertising and
14 sale of goods and services.  Smith v. Montoro, 648 F.2d 602,
15 603 (9th Cir. 1981).  Accordingly, the Lanham Act encompasses
16 both false association and false advertising claims.
17 Plaintiff's Opposition clarifies that he only seeks Lanham Act
18 relief pursuant to 15 U.S.C. 1125(a)(1)(a), for false
19 association.[4]  (Pl.'s Opp. to D's Mot to Dismiss ¶ 7.)

---

[2] In his opposition brief, plaintiff withdrew his RICO claim, mooting this motion as to the first cause of action. Of the four causes of action that remain, the first three causes of action are brought against all three defendants, and the last is brought against defendants Florida and RIS.

[3] A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard as a Rule 12(b)(6) motion to dismiss.  *See* Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1990).

[4] To the extent that plaintiff intends to assert a false advertising claim under the Lanham Act, that claim is **DISMISSED**.  A false advertising claim requires: (1) false or deceptive advertisements and representations to customers; (2)

2

1  Plaintiff's claim under section 43(a) is premised on the
2  theory that defendants misrepresented their association with
3  the Better Business Bureau ("BBB") by falsely stating that RIS
4  was a member in good standing of the BBB.
5       The Ninth Circuit has held that to have standing to
6  present a false association claim, a plaintiff must either
7  have a commercial interest in the product wrongfully
8  identified with another's mark, or a commercial interest in
9  the misused mark itself.  <u>Waits v. Frito-Lay, Inc.</u>, 978 F.2d
10 1093, 1109-10 (9th Cir. 1992) (citing, *inter alia*, <u>Dovenmuehle
11 v. Gilldorn Mortgage Midwest Corp.</u>, 871 F.2d 697, 700-01 (7th
12 Cir. 1989) (only those with present commercial interest in
13 trade name have standing to sue for its wrongful use under §
14 43(a)).  Plaintiff has not alleged facts that demonstrate that
15 he has standing to bring a claim against defendants for the
16 apparent misuse of the BBB's accreditation endorsement.
17 Plaintiff has not alleged that he owns the BBB mark or that he
18 has a commercial interest in the mark.  Nor has plaintiff
19 alleged that he has a commercial interest in any product

---

which advertisements and representations actually deceive a significant portion of the consuming public; and (3) injury caused by such conduct.  *See* <u>William H. Morris v. Group, Inc.</u>, 66 F.3d 255, 257 (9th Cir. 1995).  The injury must be "competitive," *i.e.*, harm to plaintiff's ability to compete with the defendant.  <u>Barrus v. Sylvania</u>, 55 F.3d 468, 469-70 (9th Cir. 1995).  Accordingly, to have standing to sue, a plaintiff must allege that he or she is in competition with the defendant.  *See* <u>Waits v. Frito-Lay, Inc.</u>, 978 F.2d 1093, 1109 (9th Cir. 1992) (". . . claims of false representations in advertising are actionable under section 43(a) when brought by competitors of the wrongdoer, even though they do not involve misuse of a trademark.").  Here, plaintiff does not allege that he commercially competes with any of the defendants such that he has standing to sue for any false representations on defendant RIS' website.

3

1 | wrongfully identified with the BBB's mark.  Accordingly, **IT IS**
2 | **ORDERED** that the motion is **GRANTED** and plaintiff's Lanham Act
3 | claim is **DISMISSED**.[5]
4 | Having dismissed the claims over which this Court has
5 | original jurisdiction, and having found that no diversity
6 | exists between the parties to this action (*See* Case No. 08-
7 | 5216, Doc. No. __77__), in the interests of judicial economy,
8 | convenience, and fairness to the litigants, **IT IS FURTHER**
9 | **ORDERED** that the remaining state law claims are **DISMISSED**
10 | **WITHOUT PREJUDICE** pursuant to 28 U.S.C. 1367(c)(3); *see also*
11 | United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Growth
12 | Horizons v. Delaware Co., Pa., 983 F.2d 1277, 1284 (3d Cir.
13 | 1994).
14 | I find no need for argument and **VACATE** the hearing set
15 | for June 24, 2009.
16 | Dated: June 22, 2009

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\BROSNAN V. FLORIDA\RELATED CASE DOCUMENTS\ORDER Granting 12(C) MOT TO DISMISS.wpd

---

[5] Plaintiff has not requested leave to amend, nor has plaintiff offered any facts that, if pled, would support a claim for a violation of the Lanham Act.  Plaintiff alleges that he is the assignee of a joint venture agreement that was breached by defendants.  While these alleged facts may be sufficient to support various state law claims, it is not conceivable that they could support a Lanham Act claim.  Accordingly, I find there is no need to grant plaintiff leave to amend.

4